KSC/05.07.24
USAO#2023R00416

FILED ——— ENTERED
LOGGED ——— RECEIVED

MAY 0 9 2024

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY _____ M/3 _____ DEPUTY

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **UNDER SEAL** |
|  | * |  |
| v. | * | **Criminal No. JKB-24-109** |
|  | * |  |
| **LINNARD WORTHAM,** | * | **(Conspiracy to Distribute and** |
| **KOBIE FARMER,** | * | **Possess with Intent to Distribute** |
| **a/k/a "KOB,"** | * | **Controlled Substances, 21 U.S.C.** |
| **MARIO VALENCIA-BIRRUETTA,** | * | **§ 846; Possession with Intent to** |
| **DESMOND JONES,** | * | **Distribute Controlled Substances, 21** |
| **CHARLES PAGE,** | * | **U.S.C. § 841(a); Possession of a** |
| **DEONDRAE STULL,** | * | **Firearm in Furtherance of a Drug** |
| **a/k/a "Buddah,"** | * | **Trafficking Crime, 18 U.S.C. § 924** |
| **ALEXIS BELL, and** | * | **(c); Possession of a Firearm by a** |
| **KENIA RODRIGUEZ,** | * | **Prohibited Person, 18 U.S.C. §** |
|  | * | **922(g); Aiding and Abetting, 18** |
| **Defendants.** | * | **U.S.C. § 2; Forfeiture, 18 U.S.C.** |
|  | * | **§§ 924(c), 982(a)(1) and (b)(1), 21** |
|  | * | **U.S.C. § 853, and 28 U.S.C.** |
|  | * | **§ 2461(c))** |
|  | * |  |

\*\*\*\*\*\*

**SUPERSEDING INDICTMENT**

**COUNT ONE**
**(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland charges:

From a date unknown to the Grand Jury but no later than January 2023 and continuing until

on or about May 2024, in the District of Maryland, the defendants,

**LINNARD WORTHAM,**
**KOBIE FARMER,**
**MARIO VALENCIA-BIRRUETTA,**
**DESMOND JONES,**
**CHARLES PAGE,**
**DEONDRAE STULL,**

**a/k/a "Buddah,"**
**ALEXIS BELL, and**
**KENIA RODRIGUEZ**

did knowingly combine, conspire, confederate, and agree with persons known and unknown to the

Grand Jury to distribute and possess with the intent to distribute five (5) kilograms or more of a

mixture or substance containing a detectable amount of amount of cocaine, a Schedule II controlled

substance.

21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A)

## COUNT TWO

### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or about June 15, 2023, in the District of Maryland, the defendant,

**DEONDRAE STULL,**
**a/k/a "Buddah,"**

did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)

3

## **COUNT THREE**
### **(Possession with Intent to Distribute Controlled Substances)**

The Grand Jury for the District of Maryland further charges:

On or about August 30, 2023, in the District of Maryland, the defendant,

**MARIO VALENCIA-BIRRUETTA**
**and**
**DESMOND JONES,**

did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, seized from three duffel bags in the parking lot of 87 E. Padonia Road, Timonium, Maryland.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)
18 U.S.C. § 2

4

**COUNT FOUR**
**(Possession of Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges:

On or about August 30, 2023, in the District of Maryland, the defendant,

**MARIO VALENCIA-BIRRUETTA,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed ammunition, to wit, 11 rounds of 9-millimeter Luger caliber ammunition bearing the markings "PMC"; and the ammunition was in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)

## COUNT FIVE
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or about August 30, 2023, in the District of Maryland, the defendants,

**DESMOND JONES**
**and**
**CHARLES PAGE,**

did knowingly and intentionally possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, seized from 87 E. Padonia Road, Apartment 302, Timonium, Maryland.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)
18 U.S.C. § 2

6

## COUNT SIX
### (Possession of a Firearm by a Prohibited Person)

The Grand Jury for the District of Maryland further charges:

On or about August 30, 2023, in the District of Maryland, the defendants,

**DESMOND JONES**
**and**
**CHARLES PAGE,**

each knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed two firearms, to wit, a .45 caliber Taurus model PT845 a semi-automatic firearm, bearing serial number NIR41109, and a .45 caliber Springfield Armory model XDS-45ACP a semi-automatic firearm with an obliterated serial number; and the firearms were in and affecting interstate commerce.

18 U.S.C. § 922(g)(1)

## COUNT SEVEN
### (Possession of a Firearm in Furtherance of Drug Trafficking)

The Grand Jury for the District of Maryland further charges:

On or about August 30, 2023, in the District of Maryland, the defendants,

**DESMOND JONES**
**and**
**CHARLES PAGE,**

did knowingly possess two firearms, to wit, a .45 caliber Taurus model PT845 a semi-automatic firearm, bearing serial number NIR41109, and a .45 caliber Springfield Armory model XDS-45ACP a semi-automatic firearm with an obliterated serial number, in furtherance of a drug trafficking crime for which they may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841, as alleged in Count Five of this Superseding Indictment, which is incorporated herein by reference.

18 U.S.C. § 924(c)
18 U.S.C. § 2

8

## COUNT EIGHT
### (Possession with Intent to Distribute Controlled Substances)

The Grand Jury for the District of Maryland further charges:

On or about October 11, 2023, in the District of Maryland, the defendants,

**KOBIE FARMER,**
**a/k/a "KOB," and**
**LINNARD WORTHAM,**

did knowingly and intentionally distribute and possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectible amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)
18 U.S.C. § 2

9

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1.      Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(c), 982(a)(1) and (b)(1), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Counts One through Eight of this Superseding Indictment.

### Narcotics Forfeiture

2.      As a result of conviction under any of the offenses set forth in Counts One, Two, Three, Five, or Eight the defendants,

**LINNARD WORTHAM,**
**KOBIE FARMER,**
**a/k/a "KOB,"**
**MARIO VALENCIA-BIRRUETTA,**
**DESMOND JONES,**
**CHARLES PAGE,**
**DEONDRAE STULL,**
**a/k/a "Buddah,"**
**ALEXIS BELL, and**
**KENIA RODRIGUEZ,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

        a.      any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense(s); and

        b.      any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense(s).

3.      The property to be forfeited includes any funds that were furnished or intended to be furnished in exchange for controlled substances and constitutes proceeds traceable to such

10

exchanges and was used or intended to be used to facilitate a violation of the Controlled Substances Act.

### Firearms and Ammunition Forfeiture

4.    Upon conviction of any offenses alleged in Counts Four, Six, or Seven, the defendants,

**MARIO VALENCIA-BIRRUETA,**
**DESMOND JONES, and**
**CHARLES PAGE,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offense(s).

### Property Subject to Forfeiture

6.    The property to be forfeited includes, but is not limited to, the following:

a.    a forfeiture money judgment in the amount of proceeds the defendant(s) obtained;

b.    a .45 caliber Taurus model PT845 semi-automatic firearm bearing serial number NIR41109;

c.    a .45 caliber Auto Springfield Armory model XDS-45ACP semi-automatic firearm with an obliterated serial number;

d.    a 9-millimeter Luger 3-D printed semi-automatic firearm without a serial number:

e.    approximately 11 rounds of 9-millimeter caliber ammunition;

f.    approximately 20 rounds of .45 caliber ammunition;

11

g.    a 2022 Dodge Ram 1500 Rebel truck bearing VIN 1C6SRFLT7NN353635 seized from the parking lot of 87 E. Padonia Road, Timonium, Maryland;

h.    approximately $2,320 in U.S. currency seized from Desmond Jones' vehicle on or about August 31, 2023

i.    approximately $1, 120 in U.S. currency seized from 87 E. Padonia Road, Timonium, Maryland on or about August 31, 2023; and

j.    approximately $83, 097.00 in U.S. currency that was seized from James Allen on November 8, 2023;

**Substitute Assets**

7.    If, as a result of any act or omission of any defendant, any of the property described above as being subject to forfeiture:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 982(a)(1) and (b)(1)
21 U.S.C. § 853

12

28 U.S.C. § 2461(c)

_____ (Calvin Miner)
Erek L. Barron
United States Attorney

A TRUE BILL

_____
**SIGNATURE REDACTED**
_____
Foreperson

05/09/2024
Date

13